LANDRIEU, J.,
concurs with reasons.
|,I agree with the result reached by the majority but write separately because I respectfully disagree that La. R.S. 18:451.3 does not apply. The amendment became effective on August 15, 2010 prior to the qualifying dates for this election and has been in effect for the entire two-year period of domicile required for candidacy in this case. I also disagree with the majority’s position that this amendment was intended to apply solely to displacement from declared emergencies that occur subsequent to its effective date. Had the legislature intended such a specific statutory purpose, it would have so stated.
The appellants seek to have us interpret this statute to mean that a person who has been involuntarily displaced as a result of a declaration of emergency automatically loses his domicile if he does not reoccupy that domicile within one year of the emergency. The appellees suggest, as the majority explains, that this one year time period is a “safe-harbor.” That is, the domiciliary status of one qualifying for an election is not subject to challenge if the person seeking to qualify is “back home” within one year. As explained by the majority, both interpretations, on the plain reading of the statute, are reasonable.
Thus, we must look to rules of statutory interpretation and other public policy concerns to determine which interpretation is the most reasonable. Here, |2there is a legal presumption favoring candidacy rather than precluding it; there is a presumption, recognized in years of jurisprudence, against a change of domicile; the burden is on the one challenging domicile to prove the candidate’s lack of it; and the trial *1099 court’s decision cannot be overturned unless it is manifestly erroneous.
In this case, the trial court’s result is consistent with a reasonable interpretation of the statute. Moreover, this interpretation is consistent with years of jurisprudence holding that “domicile” is a factual question and that one’s domicile does not change absent an intent to change it coupled with the establishment of a new domicile. Landiak v. Richmond, 2005-0758, pp. 9-10 (La.3/24/05), 899 So.2d 535, 543. The appellants here are unable to prove the establishment of a new domicile by Mr. Gray.
Mr. Gray and his family lived on Winchester Park Drive beginning in 1988 and were displaced by Hurricane Katrina. While displaced, Mr. Gray continued to have this address on his driver’s license, continued to vote from this address, and but for 2012, continued to benefit from a homestead exemption on this residence. Further, and perhaps most importantly, the record is void of any evidence showing that Mr. Gray ever expressed an intent to be domiciled elsewhere. Facts such as these have long been considered by the courts of this state to weigh in favor of domiciliary status. Adopting the statutory interpretation offered by the appellants would be tantamount to reversing years of jurisprudence on this issue, most specifically, Landiak, despite the absence of any indication in the statute or legislative history suggesting this intent by the legislature. This court wisely declines to do so.
Finally, where, as here, there are two reasonable interpretations of a statute, public policy considerations ably discussed by the majority compel us to adopt the | ¡¡interpretation permitting as opposed to precluding candidacy, in order to provide voters with the widest possible array of choices.
Accordingly, for these reasons I respectfully concur in the majority’s affirmation of the trial court’s judgment.